**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER WILSON,** | **CIVIL ACTION** |
|     **Plaintiff** | |
| | |
| **VERSUS** | **No. 11-2844** |
| | |
| **STEVE DAILEY, et al.,** | **SECTION "E"** |
|     **Defendants** | |

**ORDER AND REASONS**

Before the Court is a motion for reconsideration filed by Plaintiff, Christopher Wilson ("Wilson").[1]  Wilson requests the Court to reconsider its prior order staying and administratively closing the above-captioned matter pending the resolution of his criminal charges.  For the following reasons, the motion is **DENIED.**

*Background*

Wilson, who is African-American, filed his complaint in the above-captioned matter on November 15, 2011, pursuant to 42 U.S.C. § 1983, and named Steve Dailey ("Dailey"), Tyler Goings, and Mark Perrin (collectively, "Defendants") as defendants.  Defendants are law enforcement officers with the Ponchatoula City Police Department in Tangipahoa Parish, Louisiana.   According to Wilson's amended complaint, Dailey stopped Wilson's vehicle after he allegedly ran a stop sign on November 17, 2011.  In response to the stop, Wilson pulled into a service station and reached into his glove compartment to retrieve his proof of insurance and registration. Dailey called for "back up" prior to approaching Wilson's vehicle and making any verbal contact.  After the other Defendants arrived at the

---

[1] R. 45.

1

service station, they arrested Wilson.  One officer entered the back seat of the Wilson's vehicle, placed his flash light against Wilson's neck, and applied pressure to Wilson's neck with the flash light.  Another officer entered the passenger side door, sprayed Wilson's Caucasian female passenger with a chemical substance and pulled her from the vehicle. Wilson was also pulled from the vehicle and onto the pavement.  Once Wilson was lying on the pavement, the Defendants allegedly beat him, sprayed him with a chemical agent, and repeatedly yelled "stop resisting." As a result of the alleged beating, Wilson lost consciousness.  After placing him in handcuffs, Defendants took Wilson to the hospital.[2]

Following the traffic stop, Wilson was charged with possession of a firearm while in possession of a controlled dangerous substance (Schedule I and II), convicted felon in possession of a firearm, battery on a police officer, simple criminal damage, public intimidation, and three counts of resisting a police officer with force or violence, all in violation of Louisiana law, in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.[3]

As the trial date approached, Wilson's criminal charges were still pending.[4] Consequently, Defendants filed a motion to dismiss or, in the alternative, to stay this case pursuant to the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  Wilson opposed Defendants' motion and submitted video of the events in

---

[2] Wilson alleges that Defendants used excessive force, in violation of his Fourth and Fourteenth Amendment rights under the U.S. Constitution, when arresting him after he was stopped for a traffic violation.  Wilson further alleges that Defendants' conduct constitutes negligence pursuant to La. Civ. Code arts. 2315 and 2321, and asserts a claim against Defendants' employer based on the doctrine of *respondeat superior* and La. Civ. Code arts. 2317 and 2320.  Wilson requests attorney's fees and costs pursuant to 42 U.S.C. § 1988 and punitive damages pursuant to 42 U.S.C. § 1983.

[3] R. Doc.25-2 at pp.1-3.

[4] R. Doc.25-2 at pp.1-3.

question that was recorded by a surveillance camera at the service station.  The Court reviewed and carefully considered all of Plaintiff's evidence that was filed in the record.[5] Thereafter, the Court granted Defendants' motion in the alternative and stayed and administratively closed this case.[6]  While recognizing that " 'Heck was not intended to be a shield to protect officers from § 1983 suits,' " the Court nevertheless concluded that it could not determine whether the case would become Heck barred in the future, and thus was persuaded that it "should not proceed until Wilson's pending criminal charges are resolved."[7]

Wilson requests the Court to reconsider the decision to stay and administratively close the case under Heck.  According to Wilson, "it does not appear that the Court was aware of the filing of the videos or that the Court considered or viewed either video attachment."[8]  Wilson manually attached a copy of the surveillance video[9] that "has been enhanced by enlargement and lighting" (the "enhanced video") to his motion for the Court's review.[10]  He urges the Court to reconsider its prior ruling and to lift the stay in this matter after reviewing the enhanced video.[11]

---

[5] See R. Doc. 44 at p. 1, n.2 (citing R. Docs. 32 (Plaintiff's original opposition memorandum), 43 (Plaintiff's supplemental opposition memorandum), and 37 (surveillance video submitted as a manual attachment)).

[6] R. Doc. 44.

[7] R. Doc. 44 at p. 7 (quoting Dyer v. Lee, 488 F.3d 867, 884 (11th Cir. 2007)).

[8] The Court notes that it in fact reviewed all evidence that Wilson had filed in the record at the time the Court considered Defendants' Heck motion.

[9] See R. Doc. 37 (version of surveillance video previously filed in record).

[10] See R. Doc. 47 (enhanced version of surveillance video).

[11] R. Doc. 47.

## Law and Analysis

A motion for reconsideration that is filed within twenty-eight days of entry of an order is considered a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Waites v. Lee Cnty., Miss.*, 498 F. App'x 401, 403-04 (5th Cir. Nov. 26, 2012) (citing Fed. R. Civ. P. 59(e); *Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998); *Templet v. HydroChem Inc.*, 367 F.3d 473, 483 (5th Cir. 2004)).  To alter or amend a judgment upon a motion for reconsideration, the movant must "clearly establish either a manifest error of law or fact or must present newly discovered evidence.  These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  A district court may grant a motion for reconsideration under Rule 59(e) only due to "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Arrieta v. Local 745 of Int'l. Broth. of Teamsters*, 445 F. App'x 760, 762 (5th Cir. Oct. 18, 2011) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

Wilson does not address the standards he must meet in order to succeed on a Rule 59(e) motion for reconsideration.  Generally, Wilson argues that the Court failed to review evidence submitted in opposition to Defendants' *Heck* motion.  Because Wilson has attached an "enhanced" version of the surveillance video to his motion, the Court will construe the motion as urging the Court to consider new evidence not previously available

and to correct a clear error of law.

The Court has carefully reviewed all of Wilson's evidence previously considered,[12] as well as the enhanced video submitted in support of his motion for reconsideration.[13]  The enhanced video is not "new evidence" as that term is normally used because the enhanced video contains the same footage as the prior video.  Rather, the enhanced video is "new evidence" in the sense that the footage been enlarged and lightened to make the events depicted therein easier to see.  Nevertheless, the enhanced video does not provide any additional information that affects the Court's conclusion that this matter should be stayed under *Heck*.  Indeed, after weighing all of the evidence Wilson submitted, including the enhanced video, the Court concludes that a stay of this matter is still appropriate, as (1) the Court must conduct a fact-intensive analysis to determine whether any of Wilson's pending criminal charges are *Heck* barred, *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008), and (2) the facts giving rise to Wilson's criminal charges have yet to be established because the charges are still pending.  Because the Court cannot conduct such a fact-intensive analysis at this time, the Court finds that proceeding with the above-captioned matter is still premature.  *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("[A] court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

Wilson has not come forward with new evidence that convinces the Court to reconsider and change its prior ruling.  The Court did not make a manifest error of law in

---

[12] R. Docs. 32, 37, and 43.

[13] R. Doc. 47.

staying this case.  Thus, the Court finds that Plaintiff has not presented any legally cognizable basis for relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or otherwise. Furthermore, as the Court previously noted, Wilson may move to reopen this case when his pending criminal charges have been resolved.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Wilson's motion for reconsideration is **DENIED**.[14]

**New Orleans, Louisiana, this 3rd day of June, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 45.

6